UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALISADES INSURANCE COMPANY,<br><br>       Plaintiff,<br>  v.<br><br>PRIME PROPERTY & CASUALTY INSURANCE INC.,<br><br>       Defendant. | Civil Action No.: 1:21-cv-07234<br><br><br>**ANSWER OF DEFENDANT PRIME PROPERTY AND CASUALTY INSURANCE, INC., AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

Defendant, PRIME PROPERTY & CASUALTY INSURANCE, INC., by way of Answer to the Verified Complaint of Plaintiff PALISADES INSURANCE COMPANY, states as follows:

1. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 1 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

2. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 2 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

3. Defendant Prime Property & Casualty admits only that on June 10, 2020, the date of the underlying incident, it was an insurance company formed under the laws of the state of Illinois and had its principal place of business in the state of Utah; and that it has issued and does issue policies of liability insurance. To the extent the allegations of paragraph 3 of the Verified Complaint are inconsistent with such admissions, Defendant Prime Property & Casualty denies them.

4. To the extent that paragraph 4 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required, Defendant Prime Property & Casualty refers

all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 4 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies the allegations of paragraph 4 of the Verified Complaint as phrased.

5. Paragraph 5 of the Verified Complaint avers statements of law, to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses. To the extent that the allegations of paragraph 5 are deemed factual in nature, Defendant Prime Property & Casualty admits only that, as of June 10, 2020, the date of the underlying incident, and at other times, Defendant Prime Property & Casualty issued certain policies of motor vehicle liability insurance, and that certain vehicles identified in such policies as insured vehicles may have been operated in the state of New York. To the extent the allegations of paragraph 5 of the Verified Complaint are inconsistent with such admissions, Defendant Prime Property & Casualty denies them.

## AS TO THE PARAGRAPHS OF THE
## VERFIEID COMPLAINT CAPTIONED "FACTS"

6. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 6 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

7. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 7 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

8. Defendant Prime Property & Casualty admits that it issued policy number PC 19101304, having a policy term of October 18, 2019 to October 18, 2020, and which policy names CLS 123, LLC, as Insured. To the extent that the allegations contained in paragraph 8 of the

Verified Complaint are inconsistent with such admissions, Defendant Prime Property & Casualty denies them.

9. Defendant Prime Property & Casualty is informed, and on that basis admits, only that on June 10, 2020, the date of the underlying accident, its insured, CLS 123, LLC, rented a certain vehicle to an individual named Pablo Garcia. To the extent the allegations of paragraph 9 of the Verified Complaint are inconsistent with such admissions, Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of such allegations and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

10. To the extent that paragraph 10 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required, Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 10 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty is informed, and that basis admits, only that on June 10, 2020, an individual named Joe H. Corona was operating a 2014 Bentley owned by CLS 123 LLC (hereafter, "the 2014 Bentley") that had been rented to Pablo Garcia. Defendant Prime Property & Casualty denies the remaining allegations contained in paragraph 10 of the Verified Complaint; without limiting the general nature of such denial, Defendant Prime Property & Casualty denies that Corona had the permission of CLS 123 to operate the 2014 Bentley, or that Garcia was authorized to give Corona permission to operate the 2014 Bentley.

11. To the extent that paragraph 11 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 11 of the Verified Complaint are deemed factual in nature, Defendant Prime Property

& Casualty is informed, and that basis admits, only that on June 10, 2020, an individual named Joe H. Corona, as he was operating the 2014 Bentley, was involved in a motor vehicle collision on Route 87 northbound, approximately 1/10th of a mile south of the Cross-Bronx Expressway. Tohe extent the allegations of paragraph 11 of the Verified Complaint are inconsistent with such admissions, Defendant Prime Property & Casualty denies such remaining allegations; without limiting the general nature of such denial, Defendant Prime Property & Casualty denies that Corona had the permission of CLS 123 to operate the 2014 Bentley, or that Garcia was authorized to give Corona permission to operate the 2014 Bentley.

12. Defendant Prime Property & Casualty is informed, and on that basis admits, only that a lawsuit referred to in paragraph 12 of the Verified Complaint as Index No. 35619/2020E was filed in the Supreme Court of the State of New York, Bronx County. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 12 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

13. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 13 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

14. To the extent that paragraph 14 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 14 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

15. To the extent that paragraph 15 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required; Defendant Prime Property & Casualty refers

all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 15 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

16. To the extent that paragraph 16 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required, Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 16 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations; without limiting the general nature of such denial, it denies that the Prime Policy affords coverage to Corona for his potential liability arising from the subject motor vehicle collision.

## **COUNT ONE**

17. Defendant Prime Property & Casualty repeats and re-alleges each and every response set forth in paragraphs 1-16 as though set forth fully herein.

18. Defendant Prime Property & Casualty is informed, and on that basis admits, only that on June 10, 2020, CLS 123 LLC rented the 2014 Bentley to Pablo Garcia. Defendant Prime Property & Casualty refers to and reserves the right to rely upon the terms and conditions of the rental contract, a document in writing, between CLS 123, LLC, and Garcia. To the extent the allegations of paragraph 18 of the Verified Complaint are inconsistent with such admissions, Defendant Prime Property & Casualty denies all such allegations.

19. To the extent that paragraph 19 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations in paragraph 19 are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

20. To the extent that paragraph 20 of the Verified Complaint avers statements of law rather than allegations of fact, no reply is required; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations in paragraph 20 are deemed factual in nature, and to the extent that paragraph 20 is deemed to allege that Joe H. Corona had the permission of CLS 123, LLC, to operate the 2014 Bentley, or that Garcia had the permission of CLS 123 to allow others to operate the 2014 Bentley, Defendant Prime Property & Casualty denies such allegations. To the extent the allegations in paragraph 20 reference permission given to Corona by any other person or entity to operate the 2014 Bentley, Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny the truth of such allegations and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

21. Paragraph 21 of the Verified Complaint avers statements of law to which no reply is required rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 21 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

22. Paragraph 22 of the Verified Complaint avers statements of law to which no reply is required rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 22 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

23. Paragraph 23 of the Verified Complaint avers statements of law to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal

issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 23 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

24.     Paragraph 24 of the Verified Complaint avers statements of law to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 24 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

25.     Paragraph 25 of the Verified Complaint avers statements of law to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 25 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

## COUNT TWO

26.     Defendant Prime Property & Casualty repeats and re-alleges each and every response set forth in paragraphs 1-25 as though set forth fully herein.

27.     Paragraph 27 of the Verified Complaint avers statements of law to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 27 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies that it owes any duty to defend or indemnify Corona for and from the the claims and causes of action alleged in, and damages that may be awarded to plaintiff in, the Abreu lawsuit. Defendant Prime Property & Casualty lacks knowledge or information sufficient to admit or deny

the truth of the remaining allegations of paragraph 27 of the Verified Complaint and leaves Plaintiff to its proofs, reserving all defenses to Plaintiff's claims.

28. Paragraph 28 of the Verified Complaint avers statements of law to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses thereto. To the extent the allegations of paragraph 28 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

29. Paragraph 29 of the Verified Complaint avers statements of law to which no reply is required, rather than allegations of fact; Defendant Prime Property & Casualty refers all legal issues to the court for decision, reserving all defenses. To the extent the allegations of paragraph 29 of the Verified Complaint are deemed factual in nature, Defendant Prime Property & Casualty denies all such allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent, if any, that the Prime Policy would afford coverage to Corona, such coverage was and will be barred or limited by the terms, conditions, exclusions and liability limits of the Prime Policy. Defendant Prime Property & Casualty incorporates such policy terms, conditions, exclusions and other provisions by reference, and may rely upon any such term, condition, exclusion or provision that may apply.

**THIRD AFFIRMATIVE DEFENSE**

Corona is not within the classes of people identified in General Change Endorsement ACA-

99-07 who may be entitled to coverage under the Prime Policy; such endorsement states in part that "[o]nly scheduled drivers, drivers with an instructor leading in an additional vehicle, or drivers under a rental contract are covered on the policy."

## FOURTH AFFIRMATIVE DEFENSE

Corona is not within the classes of people identified in the Prime Policy as an "insured," such that he has no right to coverage thereunder.

## FIFTH AFFIRMATIVE DEFENSE

To the extent, if any, that the Prime Policy would have afforded coverage to Corona, coverage is precluded or limited by the failure of Corona or his representatives to comply with Section IV, <u>Business Auto Conditions</u>, of the Prime Policy: in relevant part:

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions

\*   \*   \*

**2. Duties in the Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident', claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:

(1) How, when and where the "accident" or "loss" occurred;
(2) The "insured's" name and address; and

(3) To the extent possible, the names and addressed of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

* * *

### SIXTH AFFIRMATIVE DEFENSE

Corona did not have the permission of CLS 123, LLC, to operate the 2014 Bentley, nor was Garcia, the renter of the 2014 Bentley, authorized or permitted by CLS 123, LLC to allow Corona to operate the 2014 Bentley.

### SEVENTH AFFIRMATIVE DEFENSE

Corona was not a "permissive user" of the 2014 Bentley.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent, if any, that the Prime Policy would have afforded coverage to Corona; and to the extent that Corona, Palisades or their representatives have assumed any obligation, made any payment or incurred any expense without the consent of Prime Property & Casualty, such obligations, payments or expenses were and are the cost and expense of Corona and/or Palisades.

### NINTH AFFIRMATIVE DEFENSE

To the extent, if any, that the Prime Policy would have afforded coverage to Corona, and to the extent that Corona has been defended in the Abreu lawsuit, or his defense has been controlled, by a carrier or person other than Prime Property & Casualty, Prime Property & Casualty has been denied its right to have defended Corona, such that the Prime Policy will not afford coverage.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or the party to whose rights it is subrogated has failed to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has made any voluntary payment, admitted liability, assumed any obligation or incurred any expense without Prime Property & Casualty's consent as required by the terms and conditions of the Prime Policy.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent, if any, that the Prime Policy is held to afford coverage to Corona, the liability limits of such coverage will be the minimum liability limits required by applicable state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent, if any, that the Prime Policy would afford coverage to Corona, such coverage is subject to and limited by the "Other Insurance" conditions of the Prime Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Prime Property & Casualty may rely upon facts revealed during further investigation, in discovery, or at trial that tend to prove that coverage under the Prime Policy is precluded, excluded, limited or is otherwise not available, and to rely upon policy terms, exclusions, conditions and other provisions of the Prime Policy, or upon other defenses to plaintiff's claims, as may be determined to apply.

**WHEREFORE,** Defendant Prime Property & Casualty demands judgment:

1. Dismissing Palisades' Complaint, with prejudice;

2. Declaring that the Prime Policy does not afford insurance coverage to Joe H. Corona for and from the claims and causes of action alleged in, and damages that may be awarded to plaintiff in, the Abreu lawsuit;

3. Declaring that Prime owed and owes no duty to defend or indemnify Abreu from the claims and causes of action alleged in, and damages that may be awarded to plaintiff in, the Abreu lawsuit;

4. Declaring that Prime owed and owes no duty to reimburse Palisades from any damages, expenses, or other costs it has incurred or will incur in connection with the Abreu lawsuit or the within declaratory judgment action;

5. Awarding Prime Property and Casualty its attorneys' fees, interest, costs of suit and such other relief as the Court deems equitable and just.

## COUNTERCLAIM

Defendant Prime Property & Casualty, by way of Counterclaim against Plaintiff Palisades Insurance Company, alleges as follows:

1. Prime is informed, and on that basis alleges, that Palisades issued personal automobile policy no. NYA80002046759 to Joe H. Corona for the policy period of May 23, 2020 to November 23, 2020 ("the Palisades Policy").

2. Prime Property & Casualty issued commercial automobile policy PC19101304 to named Insured CLS 123, LLC, which policy was in effect for the period of October 18, 2019 to October 18, 2020 ("the Prime Policy").

3. While Prime Property & Casualty denies that the Prime Policy will afford insurance coverage to Jose H. Corona for and from claims that are the subject of a lawsuit captioned, <u>Abreu v. Corona, et al,</u> Index No. 35619/2020E, Supreme Court of the State of New York ("the Abreu

Action"), should it be determined that the Prime Policy will afford insurance coverage for such claims, any coverage under the Prime Policy will be excess to, or co-insurance with, the insurance coverage afforded by the Palisades Policy, both by reason of the terms of the respective policies and as a matter of law.

4. Palisades, by reason of having brought this action, has put Prime Property & Casualty in a defensive posture, such that Prime Property & Casualty will be entitled to be reimbursed its counsel fees, costs and other expenses incurred in defending this declaratory judgment action and prosecuting this counterclaim.

5. Prime Property & Casualty has otherwise sustained damages.

**WHEREFORE,** Defendant Prime Property & Casualty demands judgment on its Counterclaim, as follows:

1. Declaring the rights and obligations of all parties to and persons interested in the Prime Policy and Palisades Policy;

2. Should it be determined that the Prime Policy will afford insurance coverage to Corona for the claims and causes of action alleged in, and damages that may be awarded to plaintiff in, the Abreu lawsuit, declaring that such coverage is excess insurance to the Palisades Policy; or, in the alternative, declaring that such coverage is co-insurance with the Palisades Policy;

3. Awarding Prime Property and Casualty damages, attorneys' fees, interest, costs of suit and such other relief as the Court deems equitable and just.

                KENNEDYS LLP

                DAVID M. KUPFER
                570 Lexington Avenue – 8th Floor
                New York, New York 10022
                (212) 252-0004
                David.Kupfer@kennedyslaw.com
                Attorneys for Defendant Prime Property & Casualty
                Insurance, Inc.

Dated:  September 17, 2021